Pomeroy v. Mills.

EDWARD POMEROY, appellant,

*v.*

ALFRED MILLS, respondent.

1. Where there are two executors, and each one appears to have discharged his duty towards the estate with discretion and fidelity, and each in his sphere brought to the business valuable qualifications, the commissions should be divided equally.

2. One of two executors kept all the moneys of the estate, and paid out to the legatees nearly all the funds, in April, 1881, against the remonstrance of his co-executor.  Their account was passed in September, 1881, after which a litigation as to the amount of their commissions arose—*Held*, that the co-executor was entitled to recover from the other executor interest on his commissions from September, 1881.

Appeal from decree of Morris orphans court.

*Mr. F. McGee*, for appellant.

*Mr. H. C. Pitney*, for respondent.

THE ORDINARY.

This is an appeal from the decree of the orphans court of Morris county apportioning between the appellant and respondent their commissions as executors of the will of George Pomeroy, deceased.   The amount of the commissions is $9,684.66, or two per cent. upon $484,233.01, and it was by the decree under review divided between the two executors as follows : $3,873.87

Pomeroy v. Mills.

to the appellant, and $ 5,810.79 to the respondent—that is, forty per cent. to the former and sixty per cent. to the latter ; and the decree directs that the respondent's share be paid by the appellant, with interest thereon from the 5th of September, 1881. All the moneys of the estate were kept by the appellant, and in April, 1881, he paid out to himself and his sisters, as residuary legatees, $22,999.59, after which payments there were left in his hands only about $440. On the 29th of that month he took from his sisters a letter of attorney, empowering him, among other things, to pay for them whatever moneys might be necessary in managing or settling the estate, refunding to the executors whatever might have been overpaid. The account was settled September 5th, 1881. The appellant having so paid out to himself and his sisters as residuary legatees, the moneys of the estate in April, not reserving the money which would be necessary, as he knew, to pay the expenses of settling the estate, and he and they having had the use of it ever since, the decree directed that he pay the respondent his share of the commissions, with interest from the date of the settlement of the account. Whatever commissions were due to the respondent at the settlement of the account were payable at once, and the only reason why there was not money wherewith to pay them then was that the appellant had paid it away, as before mentioned.

In his letter of April 1st, 1881, the appellant announced to the respondent that he had paid out the money. In a reply sent to him the next day, the respondent protested against the payment, because the executors were required under the will to make provision (which they had not yet done) for a fund to raise $1,000 a year for the testator's widow, and for the expenses of settling the estate, including the commissions. By his letter of the 25th of the same month to the respondent, the appellant stated that there were only $441.90 left in the hands of the executors, a sum insufficient, as he said, to pay the expenses and commissions, and requested the respondent to name a sum sufficient for that purpose, and promised that he and his two sisters would refund it to the estate. Under the circumstances, it was just to require him

to pay the respondent's share of the commissions, and interest thereon, from the time of passing the account in September, 1881.

The appellant insists that the apportionment of the commissions was unjust. In *Pomeroy* v. *Mills, 10 Stew. Eq. 578,* the court of errors and appeals said, in reference to the allowance to be made to the executors for their services in settling this estate, that the estate was almost entirely made up of securities readily salable in the New York market, which were either sold there by a firm of brokers, of which the appellant was a member, at the usual commissions, or transferred by the executors to the legatees *in specie;* that the indebtedness of the testator was very slight; that no litigation attended the administration, and that the executors were prepared to settle their accounts in about a year after the probate of the will, and that while it was true that seldom could an estate of such magnitude be administered with so little pains, trouble and risk, it was, on the other hand, to be remembered that the provisions of the will had been executed thus far with discretion, fidelity and promptitude, and that those qualities formed a highly valuable element in the services rendered ; that one of the executors (the respondent) was a counselor of this state, and, while he could not be allowed counsel fees aside from commissions, the fact that his professional skill had made it unnecessary to invoke other legal assistance might justly be regarded.   Taking all things into consideration, the court adjudged that two per centum on the aggregate of $484,233.01 would be a reasonable compensation to the executors.

When it is considered that almost, if not quite, all the active business of the settlement which was not done by agents, was done by the appellant, and that the respondent's participation in the settlement was almost entirely supervisory and advisory, and that each executor appears to have discharged his duty towards the estate with discretion and fidelity, and that each in his sphere brought to the business valuable qualifications, there is no ground for any discrimination in the apportionment of the compensation, and I am, therefore, of opinion that there ought to be none, but that the commissions should be equally divided. *Squier* v. *Squier, 3 Stew. Eq. 627.*   It will not be amiss to add

(although my conclusion is in nowise dependent thereon) that the executors themselves appear to have contemplated an equal division of the commissions between them. In his affidavit submitted to the orphans court as the basis of an application for a reconsideration of its award of five per centum commissions to the executors, the appellant said that he was entirely willing that his co-executor should share equally with him in the commissions that might be awarded. And the respondent, in his testimony in this court in that same matter, while he insisted that the allowance of commissions at the rate of five per centum was just, stated that under the circumstances of the case all that he had ever asked as his own commissions was two and a half per cent. He seems at that time to have contemplated an equal division.

The decree should be reversed, but without costs. The commissions should be divided equally between the executors, and the appellant should be required to pay the respondent his share of them, with interest thereon from the 5th of September, 1881.